Matter of Khalia R. R. v Evans D. (2023 NY Slip Op 06497)

Matter of Khalia R. R. v Evans D.

2023 NY Slip Op 06497

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Docket No. F-16855-17/20 Appeal No. 1253-1253A Case No. 2022-03773 

[*1]In the Matter of Khalia R. R., Petitioner-Respondent,
v
Evans D., Respondent-Appellant.

Bryan S. Greenberg, New York, for appellant.
Steven N. Feinman, White Plains, for respondent.

Orders, Family Court, New Y0rk County (Maria Arias, J.), entered on or about July 27, 2022, which confirmed a Support Magistrate's finding that respondent father had willfully violated a court order mandating child support payments, and sentenced the father to weekend incarceration for a term of six months and set the purge amount at $7,000, unanimously affirmed, without costs.
The father failed to rebut prima facie evidence of his willful violation of the order of support entered on or about November 30, 2018 (see Family Ct Act § 454). The father failed to present credible evidence that his purported medical condition rendered him unable to provide support for the subject child, and that he was financially unable to pay (see e.g. Matter of April G. v Duane M., 105 AD3d 491 [1st Dept 2013]). The father also failed to provide proof that he diligently sought gainful employment during the relevant time period or was attending school (see Matter of Maria T. v Kwame A., 35 AD3d 239, 240 [1st Dept 2006]). The Support Magistrate found the father's testimony to be not credible, and there is no basis to disturb that determination (Matter of Sharon B.-D. v Christopher C., 174 AD3d 411 [1st Dept 2019]). The father's financial disclosure affidavit reflected substantial expenses for rent on two apartments, pet care, and dry cleaning that belied his claim that he was without funds to pay support (see e.g. Matter of Jennifer D. v Artise C.J., 154 AD3d 578 [1st Dept 2017]).
The extent of civil contempt incarceration is broadly within Family Court's discretion, and commitment over weekends for six months and a purge amount of $7,000 is not excessive under the circumstances (see e.g. Matter of Columbia County Support Collection Unit v Risley, 27 NY3d 758 [2016]). This does not deprive the father of visitation, as the existing visitation order provided for weekday visitation as well as other visitation. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023